UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIE GATES, JR.,

        Plaintiff,

                                    Case No. 21-10167

v.                               Honorable Linda V. Parker

KILOLO KIJAKAZI,
ACTING COMMISSIONER
OF SOCIAL SECURITY,

        Defendant.
_____/

**OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S AUGUST 5, 2022 REPORT AND RECOMMENDATION (ECF NO. 17), DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 14), GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 15), AND AFFIRMING ADMINISTRATIVE DECISION**

On January 25, 2021, Plaintiff filed this lawsuit challenging a final decision of Defendant Commissioner of Social Security ("Commissioner") denying Plaintiff's application for social security benefits.  On the same date, the matter was referred to Magistrate Judge Curtis Ivy, Jr. for all pretrial proceedings, including a hearing and determination of all non-dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation ("R&R") on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B).  The parties subsequently filed cross-motions for summary judgment.  (ECF Nos. 14, 15.)

1

On August 5, 2022, Magistrate Judge Ivy issued an R&R recommending that this Court deny Plaintiff's motion for summary judgment, grant the Commissioner's motion, and affirm the Commissioner's decision. (ECF No. 17.) At the conclusion of the R&R, Magistrate Judge Ivy advises the parties that they may object to and seek review of the R&R within fourteen days of service upon them. (*Id.* at Pg ID 1069-70.) Plaintiff filed objections on August 17. (ECF No. 18.)

When objections are filed to a magistrate judge's R&R on a dispositive matter, the Court "make[s] a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court, however, "is not required to articulate all of the reasons it rejects a party's objections." *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) (citations omitted). A party's failure to file objections to certain conclusions of the report and recommendation waives any further right to appeal on those issues. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987). Likewise, the failure to object to certain conclusions in the magistrate judge's report releases the Court from its duty to independently review those issues. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

Objection One

In his first objection, Plaintiff argues that the ALJ impermissibly substituted his own medical judgment to assess Plaintiff's residual functional capacity (RFC). (ECF No. 18 at Pg ID 1072-77.)  Plaintiff maintains that the ALJ was not able to make a medical determination regarding the extent of Plaintiff's limitations and how they impact his ability to perform work-related activities when crafting the RFC.  (*Id.* at Pg ID 1074.)  Within this objection, Plaintiff asserts that Magistrate Judge Ivy made two incorrect statements in the R&R: (1) that "Plaintiff bears the burden of proving he is disabled" (*id.* at Pg ID 1073 (quoting ECF No. 17 at Pg ID 1063)); and (2) that "Plaintiff's argument is based on the proposition that RFC limitations must come from a medical opinion" (*id.* at Pg ID 1074 (quoting ECF No. 17 at Pg ID 1062)).

The Court addresses Magistrate Judge Ivy's alleged misstatements first. Magistrate Judge Ivy conveyed that Plaintiff bears the burden of proving that he is disabled in the context of stating that it was Plaintiff's burden to present opinion evidence to support further limitations than the ALJ found.  (*See* ECF No. 17 at Pg ID 1063.)  This is a correct statement of the law.  *See* 42 U.S.C. § 423(d)(5)(A) (providing that the plaintiff will not be considered disabled unless the plaintiff "furnishes such medical and other evidence of the existence thereof as the Commissioner of Social Security may require"); 20 C.F.R. §§ 404.1512(a)(1),

3

416.912(a)(1) ("In general, you [the claimant] have to prove to us that you are blind or disabled.").  The burden of proof lies with the claimant at steps one through four, which includes proving the extent of his or her impairments for the purpose of developing the RFC.  *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999).

Magistrate Judge Ivy also correctly summarized Plaintiff's arguments when explaining that they are "based on the proposition that RFC limitations must come from a medical opinion."  Plaintiff is clearly taking issue with the ALJ's ability to determine his limitations from the medical evidence without a medical opinion interpreting that evidence.  (*See* ECF No. 14 at Pg ID 1008 (citing cases for the proposition that an RFC must be based on the assessment of a medical professional and that ALJs are laypeople, not permitted to substitute their own opinions for the opinions of physicians).)  Plaintiff expressly argues that a medical opinion was required to determine his ability to stand and walk, despite his weakness.  (ECF No. 18 at Pg ID 1076.)

The Court also rejects Plaintiff's general objection—that there was not substantial evidence to support the limitations and the extent of those limitations found by the ALJ to craft the RFC.  The ALJ was generally persuaded by the opinion of Dr. Bina Shaw.  (ECF No. 12 at Pg ID 78-79.)  However, because subsequent evidence was admitted after Dr. Shaw rendered the opinion, the ALJ

considered that evidence (a November 2019 neurological examination and December 2019 and February 2020 ophthalmologic examinations) to conclude that additional restrictions should be included in the RFC.  Magistrate Judge Ivy was correct in concluding that this evidence was not the type of "raw medical data" requiring expert interpretation.  Plaintiff's medical providers interpreted the "raw medical data" and provided the conclusions that Plaintiff had 3/5 weaknesses of both the left upper and lower extremity (ECF No. 12 at Pg ID 958) and distance vision of "light only" in the right eye and 20/70 in the left eye (*id.* at Pg ID 075, 991).  These were terms the ALJ could understand and consider in assessing Plaintiff's RFC.  *See Mokbel-Alijahmi v. Comm'r of Soc. Sec.*, 732 F. App'x 395, 400-01 (6th Cir. 2018) (holding that the ALJ could rely on notations such as "strength is 5/5 bilaterally," and "normal movement of all extremities" in claimant's medical record)).

For these reasons, the Court rejects Plaintiff's first objection to the R&R.

<u>Objection 2</u>

In his second objection, Plaintiff takes issue with Magistrate Judge Ivy's analysis of his challenge to the ALJ's step-five assessment—specifically that two of the three jobs the vocational expert (VE) testified Plaintiff could perform considering his age, education, work experience, and RFC (i.e. order clerk and document preparer) are performed at reasoning level 3 which conflicts with the

RFC limitation to simple, routine, repetitive tasks.  According to Plaintiff, Magistrate Judge Ivy was incorrect in concluding that the ALJ met his burden by asking the VE whether the testimony offered was consistent with the Dictionary of Occupational Titles.

The Court finds it unnecessary to resolve Plaintiff's objection for two reasons.  First, as Magistrate Judge Ivy correctly found, Plaintiff did not raise any inconsistency between the listed jobs and a limitation to simple, routine tasks at the hearing.  (*See* ECF No. 12 at Pg ID 139-40.)  By failing to object to the VE's testimony at the administrative hearing, Plaintiff waived the right to raise the issue here.  *Hammond v. Chater*, No. 96-3755, 1997 WL 338719, at *3 (6th Cir. June 18, 1997) (finding that the "plaintiff waived [her argument that the jobs listed by the VE, and used by the ALJ to deny benefits, are at a skill level different than what the ALJ found she could do] by failing to raise it to the VE at the hearing"); *Helton v. Comm'r of Soc. Sec.*, No. 99-5736, 2000 WL 658056, at *2 (6th Cir. May 9, 2020) (concluding that the plaintiff forfeited her argument regarding the VE's competency because she failed to raise it at the administrative hearing); *McCarley v. Berryhill*, No. 16-cv-14036, 2018 WL 1477668, at *2 (E.D. Mich. Mar. 27, 2018) (quoting *Lyon v. Comm'r of Soc. Sec.*, No. 1:11-cv-1104, 2013 WL 1149967, at *4 (W.D. Mich. Mar. 19, 2013) (collecting cases)).  Second, as Magistrate Judge Ivy also correctly found, even if the stone cutter and document

6

preparer jobs could not be performed by an individual with Plaintiff's RFC, the VE provided a third job (order clerk) Plaintiff could perform for which there were significant numbers in the national economy (approximately 110,000). (ECF No. 12 at Pg ID 137.) The Sixth Circuit has found substantial evidence to deny a claimant's disability claim based on the availability of even fewer jobs. *See Moats v. Comm'r of Soc. Sec.*, 42 F.4th 558, 563 (6th Cir. 2022) (quoting *Taskila v. Comm'r of Soc. Sec.*, 819 F.3d 902, 905 (6th Cir. 2016)) ("[T]he ALJ's finding here that 32,000 suitable jobs exist across the nation 'fits comfortably within what this court and others have deemed 'significant.'"); *see also Blackburn v. Comm'r of Soc. Sec.*, 748 F. App'x 45, 49 (6th Cir. 2018) (finding that "the 83,000 light jobs that the vocational expert identified provided the administrative law judge substantial evidence to deny [the plaintiff]'s claim"); *Najat v. Comm'r of Soc. Sec.*, 359 F. App'x 574, 579 (6th Cir. 2009) (2,000 jobs).

For these reasons the Court also rejects Plaintiff's second objection to the R&R and is adopting Magistrate Judge Ivy's recommendations.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for summary judgment is **DENIED**;

**IT IS FURTHER ORDERED** that Defendant's motion for summary judgment is **GRANTED**.

**IT IS FURTHER ORDERED** that the Commissioner's decision is

**AFFIRMED**.

**IT IS SO ORDERED.**

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: September 7, 2022